IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL,           PLAINTIFF, | § § § § | |
| V. | § § | CASE NO. 3:19-CV-2246-M-BK |
| STATE OF TEXAS,           DEFENDANT. | § § § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. As detailed herein, this action should be **DISMISSED WITHOUT PREJUDICE** because of Plaintiff's failure to timely serve Defendant with summons and a copy of the complaint.

## I.  PROCEDURAL HISTORY

On September 19, 2019, Plaintiff filed this *pro se* lawsuit against Defendant State of Texas alleging civil rights violations under 42 U.S.C. § 1981, 42 U.S.C. § 1981(a), and 42 U.S.C. § 1983. Doc. 3 at 1-2. Plaintiff paid the Court's filing fee and was thus responsible for serving summons and a copy of his complaint on Defendant within 90 days pursuant to Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure. Doc. 3.

On October 15, 2019, Defendant State of Texas filed a *Motion to Dismiss*, Doc. 6, arguing, *inter alia*, that dismissal was proper under Rule 12(b)(5) for insufficient service of process. Doc. 6 at 2. Defendant specifically argued that Plaintiff's service of process was insufficient because: (1) service of process on the State is governed by Rule 4(j)(2), which requires serving the chief executive officer of the State (the Governor); and (2) service via

regular mail is insufficient under Texas law and therefore unacceptable under Rule 4(j)(2)(B). Doc. 6 at 2-3.

In response, on December 18, 2019, Plaintiff filed documents titled "Affidavit for Re-Service," Doc. 11, "Return of Service Executed as to Ken Paxton," Doc. 12, and "Return of Service via certified mail as to Ken Paxton," Doc. 13.  Subsequently, the Court advised Plaintiff that these "latest attempts to effectuate service, Docs. 11-13" failed to meet "the requirements of Rule 4(j) of the Federal Rules of Civil Procedure." Doc. 14 at 1.  The Court also granted Plaintiff another opportunity to comply with Rule 4 by March 24, 2020, lest his case be dismissed without prejudice.  Doc. 14 at 1.  On March 23, 2020, Plaintiff filed documents titled "Summons Returned Executed as to Ken Paxton Attorney General," Doc. 17, and "Notice of Service by Samuel T. Russell," Doc. 18.  Plaintiff also filed a *Reply*, Doc. 15, and an *Amended Reply*, Doc. 16, arguing that his service of process was proper.

## II.  APPLICABLE LAW

Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal, *sua sponte*, without prejudice.  FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted).  Actions, or the lack thereof, that fall into the categories of inadvertence, mistake, or ignorance of the law are not a sufficient showing.  *Id.* at 646.  The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

2

Rule 4(j) of the Federal Rules of Civil Procedure establishes the methods of service of process on foreign, state, and local governments:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2). Regardless of the method of service and/or mailing, however, Rule 4 prohibits a party from personally undertaking the task. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added); *Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010) (collecting cases which hold that when service of process is made by mail, only a nonparty can place the summons and complaint in the mail); *United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *5 (N.D. Tex. Dec. 21, 2017) (Ray, J.) (same), *adopted by* 2018 WL 341739 (N.D. Tex. Jan. 9, 2018) (O'Connor, J.)

### III. ANALYSIS

Plaintiff's latest efforts to serve Defendant fare no better than his previous ones, most obviously due to his continued attempts to personally serve Defendant in violation of Rule 4(c)(2). *See* Doc. 17 at 1 (Plaintiff signed as server). Moreover, contrary to Plaintiff's arguments, Doc. 15 at 1-2; Doc. 16 at 2-3, his attempted service by certified mail is equally unacceptable because he is a party. *Constien*, 628 F.3d at 1213-15; *Cabelka*, 2017 WL 6883893, at *5.

Additionally, Plaintiff's argument that the State can be served through the Attorney General, Doc. 18 at 1, is misplaced, as a state entity must be served by delivering a copy of the

summons and complaint on its chief executive officer, the Governor.  *May v. Texas by Cascos*, No. 5:16-CV-238-BQ, 2017 WL 7513550, at *5, *7 (N.D. Tex. Nov. 27, 2017) (Bryant, J.), *adopted by* 2018 WL 798738 (N.D. Tex. Feb. 8, 2018) (Cummings, J.) (dismissing § 1983 action against defendant State of Texas when pro se plaintiff served the Texas Secretary of State and not the Governor) (citing TEX. CONST. art. IV, § 1 ("The Executive Department of the State shall consist of a Governor, who shall be the Chief Executive Officer of the State . . . .")).

Despite notice and warning, Plaintiff has neither properly served Defendant nor attempted to show good cause for failing to do so.  Under these circumstances, the Court concludes that Plaintiff simply cannot or will not comply with the Court's order and Rule 4, and that further extensions are not warranted.

### IV.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely and properly serve Defendant with summons and a copy of his complaint as required by Rule 4(m).

**SO RECOMMENDED** on March 25, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).